# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Jackie Hillery,**

    **Plaintiff,**

**v.**

Case No.: 2:08-CV-1045
JUDGE SMITH
Magistrate Judge Abel

**Fifth Third Bank,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiff Jackie Hillery brings this action, against Defendants Fifth Third Bank, Fifth Third Bank (Central Ohio), Kelli Gargasz, and Thomas Mitevski, alleging causes of action under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. § 621, *et. seq.*, and under Ohio Revised Code § 4112.99. Specifically, Plaintiff brings this action to recover damages stemming from her failure to be promoted and ultimate termination from her position with Fifth Third Bank ("Fifth Third"). This matter is currently before the Court for consideration of a partial motion to dismiss by Defendants (Doc. 3). For the reasons that follow, the Court **GRANTS** Defendants' Partial Motion to Dismiss (Doc. 3).

## I.   FACTS

Plaintiff is a sixty-three year old former employee of Defendant Fifth Third Bank, an Ohio banking corporation. (Compl. ¶¶ 1, 4, 12). Defendants Mitevski and Gargasz were Plaintiff's supervisors and employees of Fifth Third. (Compl. ¶ 2). Plaintiff's employment with Fifth Third was terminated on March 28, 2008. (Compl. ¶ 4).

Plaintiff alleges that in January 2008, Fifth Third created a position of Private Client Relationship Manager and opened a position in that job classification in the Columbus, Ohio area. (Compl. ¶ 21). Plaintiff contends that Defendants failed to notify her of the opening, knowing that she would apply for the position. (Compl. ¶¶ 22-23). It is Plaintiff's assertion that she was qualified for the position and more qualified than the person to whom the position was granted. (Compl. ¶ 25). Fifth Third terminated Plaintiff's employment shortly thereafter. (Compl. ¶ 4).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 17, 2008 asserting that she was not promoted and ultimately terminated because of her age. (Compl. ¶¶ 9, 17; Charge No. 532-2008-01412). Plaintiff received a right to sue letter and subsequently filed the present action on November 5, 2008. Counts I and II of Plaintiff's Complaint allege age discrimination in violation of the ADEA, 29 U.S.C. § 621, *et. seq.* (Compl. ¶¶ 6, 13). Count III alleges age discrimination in violation of Ohio Revised Code § 4112.99. (Compl. ¶ 29).

On December 30, 2008, Defendants filed a Motion to Dismiss Count III of the Complaint. Plaintiff filed a Motion in Opposition. The matter is now ripe for the Court's review.

## II.  STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits

attached to it. *Roth Steel Prods.*, 705 F.2d at 155. The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).

Rule 12 (b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).[1] A plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (*citing*

---

[1] In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1964 (holding that the Conley "no set of facts" language "has earned its retirement" and "is best forgotten.").

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id.* at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. *Id.* at 1969.

### III. ANALYSIS

#### A. Election of Remedies

The Ohio Revised Code provides four possible avenues through which an employee can pursue a claim of age discrimination. First, Ohio Revised Code § 4112.02(A) prohibits employers from discharging employees without just cause based on "race, color, religion, sex, national origin, disability, age, or ancestry." Those who suffer age discrimination in violation of § 4112.02(A) may enforce their rights by filing a civil lawsuit under § 4112.02(N). Second, Ohio Revised Code § 4112.14(A) prohibits the "discharge without just cause [of] any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." Employees may enforce their § 4112.14(A) rights by filing a civil lawsuit under § 4112.14(B). Third, Ohio Revised Code § 4112.05(B)(1) provides an avenue for employees to enforce their rights by filing a charge with the Ohio Civil Rights Commission ("OCRC") alleging that their employer engaged in an unlawful discriminatory practice. In several provisions, Chapter 4112 makes each of the first three remedies expressly exclusive. *See, e.g.*, O.R.C. §§ 4112.02, 4112.08, 4112.14. The fourth statutory remedy, Ohio Revised Code § 4112.99, is neither expressly exclusive, nor expressly subject to an election of remedies bar.

*See Talbott v. Anthem Blue Cross & Blue Shield,* 147 F.Supp.2d 860, 861-62 (S.D. Ohio 2001). It permits a civil action for a violation of any provision of Chapter 4112. *See* O.R.C. § 4112.99.

Courts have carved out several exceptions to the elections of remedies doctrine. These courts have concluded that an individual can file an OCRC charge to meet federal law prerequisites and still file a state law claim by either: (1) expressly indicating in the charge complaint that he/she is filing for procedural purposes only; (2) filing for procedural purposes only; (3) filing a charge with the OCRC after filing the lawsuit; or (4) filing the charge and the lawsuit contemporaneously. *See, e.g.*, *Talbott*, 147 F.Supp.2d at 862, n. 3. None of these exceptions apply in this case.

Count III of the Complaint alleges employment discrimination on the basis of age in violation of Ohio Revised Code § 4112.99. (Compl. ¶ 29). Defendants argue that, pursuant to the election of remedies doctrine, Plaintiff is precluded from seeking a remedy under § 4112.99 because she pursued the administrative remedy provided by § 4112.05 when she elected to file a charge of discrimination with the EEOC. This raises the question whether a plaintiff's act of filing a charge with the EEOC is equivalent to electing an administrative remedy under § 4112.05.

Interpreting the Ohio General Assembly's intent in drafting an election of remedies into Chapter 4112 of the Ohio Revised Code is a matter of state law. The Ohio Supreme Court has not expressly ruled on the issue of whether an EEOC filing equates to an election of administrative remedy under § 4112.05. Normally, this Court applies the law of Ohio "in accordance with the then controlling decision of the highest state court." *United States v. Anderson County, Tennessee*, 761 F.2d 1169, 1173 (6th Cir. 1985); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). When the Ohio Supreme Court has not ruled, this Court must

ascertain from all available data, including relevant dicta in related cases, Ohio Supreme Court rulings in analogous cases, and the rulings of Ohio appellate courts, how the Ohio Supreme Court would decide the issue. *Bailey v. V. & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985). When a state's highest court is silent, "a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir. 1989).

Ohio courts disagree as to whether an EEOC charge falls within the election of remedies language contained in the Ohio age discrimination statutes. Some courts have looked to Ohio Administrative Code § 4112-3-01(D)(3), which states that a charge filed with the EEOC is deemed filed with the OCRC on the same date the charge is received by the EEOC. These courts have concluded that an age discrimination lawsuit pursuant to Ohio law is barred under the election of remedies doctrine when a charge of discrimination is filed directly with the EEOC. *Clark v. City of Dublin*, 2002 Ohio 1441 *30 (Ohio App. 10 Dist. March 28, 2002), *Williams v. Rayle Coal Co.*, 1997 Ohio App. LEXIS 4302 (Ohio App. 7 Dist. Sept. 19, 1997), *Schwartz v. Comcorp, Inc.*, 91 Ohio app. 3d 639, 647 (Ohio App. 8 Dist. 1993). This reasoning was recently adopted by federal courts in Ohio as well. *See Gray v. Allstate Ins. Co.*, 2005 WL 2372845, *6 (S.D. Ohio 2005) (Beckwith, C.J.), *Williams v. Allstate Ins. Co.*, 2005 WL 1126761, *4 (N.D. Ohio 2005); *but see Reminder v. Roadway Express, Inc.*, 2006 WL 51129 (N.D. Ohio 2006) (disagreeing with *Williams* and *Gray*, and holding that the filing of an age discrimination charge with the EEOC is not equivalent to an election of administrative remedy under § 4112.05).

In *Gray*, then Chief Judge Beckwith considered the express provisions of the statute, in conjunction with Ohio Administrative Code § 4112-3-01(D)(3) and the exceptions that have been carved out to the election of remedies doctrine. *Gray*, 2005 WL 2372845 at *6. This analysis convinced her that the Ohio Supreme Court would deem filing a charge with the EEOC an election of remedy under § 4112.05. *Id.*

However, in *Spengler v. Worthington Cylinders*, 438 F. Supp.2d 805 (S.D. Ohio 2006), Judge Marbley determined that filing a charge with the EEOC does not amount to pursuing an administrative remedy and therefore does not bar a plaintiff from bringing a civil action under Ohio law. *Id.* at 811-12. In *Spengler*, the Court pointed out that the Ohio Supreme Court has expressed an unwillingness to interpret Chapter 4112's election of remedy scheme to preclude an individual from pursing both federal and state law claims for age discrimination. *Id.* at 809 (*citing Morris v. Kaiser Engineers, Inc.*, 471 N.E.2d 471, 474 (1984)). Additionally, the *Spengler* Court cited two unpublished Sixth Circuit decisions that held filing a charge with the EEOC could not be equated to filing a charge with the OCRC. *Id.* (*citing Lafferty v. Coopers & Lybrand*, 1988 WL 19182 (6th Cir. 1988); *McLaughlin v. Excel Wire & Cable, Inc.*, 1986 WL 16659 (6th Cir. 1986)). Also relying on the analysis in *Reminder*, the *Spengler* Court ultimately agreed that the *Williams* court "adopted too broad a reading of O.A.C. § 4112-3-01(D)(3)." *Id.* at 811.

Like the court in *Gray*, this Court agrees with the analysis and conclusion of the court in *Williams*. As that court pointed out, neither *Lafferty* nor *McLaughlin* considered Ohio Administrative Code § 4112-3-01(D)(3) in their analysis. *Williams*, 2005 WL 1126761, *3. Moreover, this Court is not persuaded that the Ohio Supreme Court would rule contrary to the holdings of *Clark*, *Rayle Coal*, and *Schwartz*. Therefore, this Court is bound to follow the

decisions of those Ohio appellate courts, *Puckett*, 889 F.2d at 1485, and holds that a charge of age discrimination filed with the EEOC constitutes a filing with the OCRC, triggering Ohio's election of remedies doctrine.

The analysis, however, does not end there. Ohio Revised Code § 4112.08 does not explicitly include § 4112.99 in the list of provisions under which employees may not bring civil lawsuits after filing a charge with the OCRC. While several federal district courts and Ohio appellate courts have considered whether the election of remedies scheme for age discrimination in Chapter 4112 extends to § 4112.99, the Ohio Supreme Court has not expressly ruled on the question.

This Court addressed this question in *Sterry v. Safe Auto Ins. Co.*, 2003 WL 23412974 (S.D. Ohio) (Frost, J.). The *Sterry* court held that even after filing a charge with the OCRC under § 4112.05, an employee may still bring a civil lawsuit under § 4112.02(A), but not based on a violation of § 4112.14(A). *Id.* at *12-13. The *Sterry* court reasoned that because the election of remedies provision in § 4112.08 bars suits under § 4112.14 in its entirety, an employee could not premise a § 4112.99 claim on a violation of § 4112.14(A) after having filed with the OCRC. *Id.* However, § 4112.08 does not likewise bar suits under § 4112.02 as a whole. Rather, it expressly bars suits only under § 4112.02(N). Thus, the *Sterry* court reasoned that an employee could premise a § 4112.99 suit on a violation of § 4112.02(A). *Id.* at *13.

The Northern District of Ohio tackled this same dilemma in *Senter v. Hillside Acres Nursing Center of Willard, Inc.*, 335 F. Supp.2d 836 (N.D. Ohio 2004). However, the *Senter* court arrived at a different conclusion, despite considering the *Sterry* analysis. The *Senter* court noted that Ohio appellate courts generally agree that the election of remedies scheme for age discrimination claims in Ohio applies to claims brought under § 4112.99. *Id.* at 849. In *Balent*

-8-

*v. National Revenue Corp.*, 638 N.E.2d 1064 (Ohio App. 10 Dist. 1994), for instance, the court held that § 4112.08 barred an employee who had filed a charge with the OCRC from bringing a claim pursuant to § 4112.99 in part due to "the legislatures unambiguous intention to require an election of a single administrative or statutory remedy when bringing a claim for age discrimination." *Senter*, 335 F. Supp.2d at 849 (*quoting Balent*, 638 N.E.2d at 1067).

The *Senter* court also cited to an Ohio Supreme Court decision considering whether employees alleging handicap discrimination who had filed a charge with the OCRC were barred from bringing suit under § 4112.99. *Id.* at 50. In that case, the Ohio Supreme Court reasoned that the election of remedies scheme did not apply to a handicap discrimination suit brought under § 4112.99 because, unlike the age discrimination framework, there was no election of remedies scheme. *Smith v. Friendship Village of Dublin, Ohio, Inc.*, 751 N.E.2d 1010, 1013-1014 (Ohio 2001). Specifically, the Ohio Supreme Court stated:

> These provisions relating to age discrimination demonstrate that the General Assembly was aware that individuals might attempt to commence both administrative and judicial proceedings pursuant to R.C. Chapter 4112. So, in clear language, the General Assembly expressed its intent that an election must be made.

*Id.* After considering these precedents, the *Senter* court held that a plaintiff who first files an age discrimination charge with the OCRC may not bring a civil lawsuit under any provision of Ohio Revised Code Chapter 4112. *Senter*, 335 F. Supp.2d at 851.

After full consideration of the aforementioned cases, this Court is persuaded that the *Senter* analysis is correct, and holds that age discrimination claims brought pursuant to § 4112.99 are subject to Chapter 4112's election of remedies scheme. Here, plaintiff filed a charge with the EEOC, and therefore also with the OCRC, on June 17, 2008.

Therefore, Plaintiff's claim of age discrimination under § 4112.99 is barred by Chapter 4112's age discrimination election of remedies scheme.

**B.      Statute of Limitations**

Assuming, *arguendo*, that the election of remedies doctrine does not bar Plaintiff's state law claim, it still fails for not being filed within the applicable statute of limitations. Under the *Sterry* court's reasoning, Plaintiff could still bring a claim under § 4112.99 pursuant to § 4112.02(A). *Sterry*, 2003 WL 23412974, *12-13. That claim, however, is still subject to § 4112.02(N)'s one hundred eighty-day statute of limitations. *See Bellian v. Bicron*, 634 N.E.2d 608, 610 (Ohio 1994). The *Bellian* court held, at a time when § 4112.02 was the only portion of Chapter 4112 covering age discrimination, that age discrimination claims brought pursuant to § 4112.99, but premised on a violation of § 4112.02(A), were subject to § 4112.02(N)'s statute of limitations. *Id.* This holding was premised on the O.R.C. § 1.51 rule that the more specific statute (§ 4112.02) must prevail over the more general (§ 4112.99). *Id.*

Here, Plaintiff alleges that she was terminated due to her age on March 28, 2008. (Compl. ¶¶ 4, 30). However, she did not file her Complaint until November 5, 2008, two hundred and twenty-two days after her termination. To be timely, an individual must bring a claim of age discrimination "within one hundred eighty days after the alleged unlawful discriminatory practice occurred." O.R.C. § 4112.02(N). Therefore, Plaintiff failed to file her claim within the applicable statute of limitations. While Plaintiff claims to have brought her § 4112.99 claim pursuant to § 4112.14 and its six-year statute of limitations, as discussed above, this avenue is unavailable. Plaintiff elected to first pursue an administrative remedy under § 4112.05, barring her from bringing suit

pursuant to § 4112.14, due to the express language of § 4112.08. Accordingly, because Plaintiff filed her Complaint well outside the applicable statute of limitations, Count III must be dismissed.

**C.     Claims Against Individual Defendants**

Counts I and II of the Complaint both allege violations of the ADEA. This Court held in *Blankenship v. BMI Refractories*, 966 F. Supp. 555, 556 (S.D. Ohio 1997) (Beckwith, J.) that "individual liability is not created by a supervisor's or manager's actions in violation of the [ADEA]." *Id.* While the Sixth Circuit has not spoken squarely on this issue, the majority of circuits that have agreed that the ADEA does not create individual liability. *See, e.g., Sauers v. Salt Lake County,* 1 F.3d 1122, 1125 (10th Cir. 1993); *Miller v. Maxwell's International, Inc.,* 991 F.2d 583, 587-88 (9th Cir. 1993), *cert. denied,* 510 U.S. 1109 (1994); *Busby v. Orlando,* 931 F.2d 764, 772 (11th Cir. 1991); *Harvey v. Blake,* 913 F.2d 226, 227-28 (5th Cir.1990). Therefore, these ADEA claims are improperly asserted against Defendants Gargasz and Mitevski and are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Count III of Plaintiff's Complaint (Doc. 3) because it is statutorily barred by Ohio's age discrimination election of remedies scheme and for failure to file within the applicable statute of limitations period. Count III is dismissed with prejudice. Furthermore, Plaintiff's claims against Defendant's Gargasz and Mitevski are dismissed because individuals are not liable under the ADEA.

The Clerk shall remove Document 3 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**